# Nicholas Oehm v. The Royal Gas Company, Appellant.

*Charge of court—Question for jury—Binding instructions.*

A case is pre-eminently for the jury where every material fact at issue was controverted and as to each there was contradictory testimony and the charge and answers to the points considered together fairly and adequately presented the case to the jury. In such a case binding instructions are impossible.

Argued May 3, 1899. Appeal, No. 233, April T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1898, No. 479, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Trespass. Before EVANS, J.

It appears from the record that this was an action to recover from the defendant damages for the negligent construction of a gas line which lay in the middle of Scrub Grass run, a small stream running near where the plaintiff owned a grocery store

594     OEHM v. GAS COMPANY.

in Scott township, and which, it was alleged, caused the stream to overflow and flood his premises, thereby injuring a stock of groceries. The evidence was conflicting as to all the material facts in issue. Defendant asked for binding instructions based on plaintiff's own testimony, as to the height of the water below the alleged obstruction and the testimony of an engineer whose calculations were not disputed.

Verdict and judgment for plaintiff for $412. Defendant appealed.

*Error assigned* was in refusing defendant's request for binding instructions. Errors were also assigned to the qualifications by the court in its answers to the points presented by defendant.

*H. G. Wasson*, of *Jennings & Wasson*, for appellant.

*T. T. Donehoo*, for appellee.

OPINION BY BEAVER, J., July 28, 1899:

This was pre-eminently a case for the jury. Every material fact at issue was controverted and as to each there was contradictory testimony. Much of it was of such a character that it could not be reconciled and the veracity of the witnesses became an important factor as to which the jury, of course, was the only judge. The charge, taken as a whole, and the answers to defendant's points considered together, fairly and adequately presented the case to the jury. It was impossible, under the evidence, for the court to give binding instructions. Whether or not the defendant was guilty of negligence in laying the pipe originally was not a question of great importance. Was it so maintained as to cause the injury of which the plaintiff complained?

The qualifications in the answers to points of which appellant complains did not in any degree weaken the force of the answers. They tended to clearness and simplicity and were quite as favorable to defendant as if the points had been unqualifiedly affirmed. There are no disputed principles of law involved. Not a single authority is quoted by either party and, inasmuch as the case was, in our opinion, fairly left to the jury, there is nothing further for our consideration.

Judgment affirmed.